IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD LEVITT, ) | |
| ) | Case No. 2:24-cv-00284-SGC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| U.S. INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

Defendant the Internal Revenue Service ("***the Service***") moves for summary judgment in this Freedom of Information Act ("***FOIA***") suit. Under this Court's Order (Doc. 24), the Service is to address the narrow issue of one purported category of records that Plaintiff posits is in dispute.

**SUMMARY OF THE ARGUMENT**

Ordinarily, agencies defending FOIA suits have the dual burden to show they have conducted an adequate search to locate records in response to a FOIA request, and that they properly withheld records or portions of them. Here, Plaintiff does not appear to challenge either burden. Instead, Plaintiff contends that there is one category of records that the Service should have released in response to the FOIA request. But the purported category of records is not contained in Plaintiff's

1

12-item FOIA request. The category of records Plaintiff identifies is an expansion of his initial FOIA request, which is impermissible under the decisional law. Part I of this brief addresses how and why Plaintiff cannot expand the scope of his request through this suit.

The Service had no duty to search for that non-existent category of records. The only duty the Service appears to have in this case is to show that it adequately searched for the records that Plaintiff included in his original FOIA request.[1] Part II of this brief shows that the Service conducted an adequate search for the records described in Plaintiff's FOIA request.

## BACKGROUND

At issue in this suit is a FOIA request submitted by Plaintiff. Plaintiff's FOIA request sought records related to a Final Partnership Adjustment ("**FPA**") that the Service issued to Plaintiff for tax year 2018—primarily records pertaining to the mailing of the FPA to Plaintiff. (Doc. 1, ¶17.) Plaintiff's FOIA request sought:

1. The Final Partnership Adjustment related to Commissioner's Creek Reserve, LLC ("the Taxpayer") for tax year 2018 (the "FPA").

2. The proof of mailing of the FPA related to the Taxpayer.

---

[1] The Service notes that Plaintiff does not challenge either the adequacy of the Service's search or any exemptions from disclosure. (Docs. 22, 23.) Plaintiff merely argues that he should have received the category of records that was not included in his originally submitted FOIA request.

2

3. USPS Form 3877, Firm Mailing Book for Accountable Mail, or similar documents(s), related to the IRS's mailing of the FPA to the Taxpayer and/or Partnership Representative ("PR").

4. The return receipts for the mailing of the FPA to the Taxpayer and/or PR.

5. Any and all receipts that returned the FPA sent to either the Taxpayer and/or PR as undeliverable.

6. The FPA certified mailing list, or similar document, related to the Taxpayer and/or PR.

7. Any and all documents that would contain a USPS post stamp that would show the mailing of the FPA to either the Taxpayer or PR.

8. The tracking numbers associated with the mailing of the Taxpayer FPA and/or PR FPA.

9. The full and complete transcript of the Taxpayer.

10. The policies and procedures that the Commissioner of Internal Revenue must follow when mailing an FPA.

11. Any and all correspondence related to the FPA sent to both the Taxpayer and PR.

12. Any and all documents that tend to prove or disprove that the Taxpayer or PR received the FPA.

(*Id*.) (numbering added).[2]

The Service conducted a search for records responsive to Plaintiff FOIA request and provided 142 pages to its counsel for release to Plaintiff. (Declaration of Henry Castro ("***Castro Decl.***"), ¶¶33-34.) Of those pages, 139 were released in

---

[2] Plaintiff's FOIA request presents these items in an un-numbered bulleted list. Sequential numbering has been added here for ease of reference.

full and three were released with minor redactions under an applicable FOIA exemption. (Statement of Material Facts ("*SUMF*"), ¶37-38.) Plaintiff does not challenge the exemptions applied to three pages of the released records. (*Id*., ¶39); (Doc. 22.)

By email on October 28, 2024, Plaintiff's counsel requested that the Service provide three additional categories of documents. (Doc. 23, ¶1); (SUMF, ¶36.) On November 29, 2024, Plaintiff withdrew two of the categories of additional requests from the October 28 email but contended that he is "still owed documents in the first category" which are "[e]mails to or from Revenue Agent Briana Graham that relate in any way to the FPAs in question (whether its correspondence with IRS counsel or with taxpayer or the PR or any other party)[.]" (Doc 23, ¶3.) Because Plaintiff did not ask for such emails in his FOIA request, counsel for the Service responded that it viewed the additional request as inappropriately expanding the FOIA request and therefore would not be conducting an additional search. (*Id*., ¶2.) However, as a courtesy, the Service re-reviewed the potentially responsive records collected in the original search and confirmed that none matched the new categories of documents Plaintiff described. (*Id*.); (Castro Decl., ¶37.) Plaintiff has not identified the specific part of his request to which such emails would be responsive or otherwise explained how he believes they are responsive.

4

## LEGAL STANDARD

"FOIA suits should be decided on summary judgment[.]" *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). Under the Federal Rules, a movant is entitled to summary judgment if they can "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## ARGUMENT

The Service located 142 pages of records responsive to Plaintiff's original FOIA request. (Castro Decl., ¶ 33-34.) Plaintiff does not challenge any of the FOIA exemptions applied to the records. (Doc. 22); (SUMF, ¶39.) Instead, Plaintiff impermissibly expanded the scope of his FOIA request during this suit. Thus, the only issue here is whether the Service conducted a reasonable search for records responsive to Plaintiff's FOIA request as submitted. Plaintiff argues, rather, that he is entitled to a category of records not included in his FOIA request. The Service is not required to conduct a search for items not included in the FOIA request. Because the Service conducted a reasonable search for the records Plaintiff included in his FOIA request as submitted, summary judgment should be granted in its favor.

## I.  Plaintiff cannot expand his FOIA request beyond its original text.

A FOIA requester may not expand the scope of his FOIA request in the course of litigation. *See, e.g.*, *Amiri v. Nat'l Sci. Found.*, 664 F. Supp. 3d 1 (D.D.C. 2021), *aff'd*, No. 21-5241, 2022 WL 1279740 (D.C. Cir. Apr. 28. 2022) (internal citations omitted). Indeed, a FOIA plaintiff attempting to broaden the scope of his request after it is submitted "cannot overcome the clear and cabined text of [his] Request." *DaVita Inc. v. U.S. Dep't of Health & Hum. Servs.*, No. CV 20-1798 (BAH), 2021 WL 980895, at *13 (D.D.C. Mar. 16, 2021) (citing *Ecological Rts. Found. v. EPA*, No. 19-980 (BAH), 2021 WL 535725, at *9 (D.D.C. Feb. 13, 2021) ("Plaintiff's later representations concerning … records [found to fall outside the scope of its FOIA request] do not alter the limits imposed by the plain text of its Request.")). Further, an agency "is not obligated to rewrite the request to ask for more than the requester did" or to "search beyond the four corners of the request, nor are they required to divine a requester's intent." *DaVita Inc.*, 2021 WL 980895, at *35 (citations omitted). In fact, "[a]gencies must read FOIA requests 'as drafted.'" *Machado Amadis v. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020).

Plaintiff seeks to impermissibly expand his FOIA request to include "[e]mails to or from Revenue Agent Briana Graham that relate in any way to the FPAs in question (whether its correspondence with IRS counsel or with taxpayer or the PR or any other party)[.]" (Doc. 23, ¶1.) This new request is an explicit

6

departure from the plaint text of Plaintiff's original request in several ways. While Plaintiff originally requested correspondence "*sent to* both the Taxpayer and PR" (Doc. 1, ¶17, item 11) (emphasis added), Plaintiff now demands correspondence *from* the Taxpayer, PR, IRS Counsel, or any other party. (Doc. 23, ¶1) (emphasis added.) Further, Plaintiff's original request sought only correspondence "sent to *both* the Taxpayer and PR" (Doc. 1, ¶17, item 11) (emphasis added), which Plaintiff has now expanded to include correspondence sent to the Taxpayer and PR *individually* as well as IRS Counsel and any other party. Thus, Plaintiff's new request seeks records beyond the scope set forth in the plaint text of his original request. These impermissible expansions "cannot overcome the clear and cabined text" of Plaintiff's original request. *See DaVita Inc.*, 2021 WL 980895, at *13. Indeed, the Service was required to read Plaintiff's request "as drafted." *Machado Amadis*, 971 F.3d at 370. The Service conducted a search and turned over all records responsive to Plaintiff's FOIA request *as drafted*. (Castro Decl., ¶¶10, 12, 22, 27, 31) (describing search for correspondence sent to both taxpayer and PR.) Plaintiff could not have expected the Service to conduct a search for items beyond the plain language of his FOIA request and the Service was not required to do so. *See id.*, at *35 (citations omitted). Thus, the new category of documents Plaintiff now seeks is outside the scope of the FOIA request and the Service was not required to conduct a search for them.

An agency's FOIA obligations are triggered when the records sought are "reasonably described." 5 U.S.C. § 552(a)(3)(A); *see, e.g.*, *DaVita Inc.*, 2021 WL 980895, at *13 (quoting 5 U.S.C. § 552(a)(3)(A)). In determining the proper scope of a FOIA request, "[t]he linchpin inquiry is whether the agency is able to determine 'precisely what records (are) being requested.'" *McKinley v. FDIC*, 807 F. Supp. 2d 1, 5 (D.D.C. 2001) (citation omitted, alterations in original.) Under this principle, Plaintiff's newly sought category of records have not triggered a FOIA obligation by the Service. Plaintiff's FOIA request cannot "reasonably describe" a category of records that are not mentioned in the text of the request. Thus, the Service was not required to search for the newly raised category of documents. And as described below, the Service conducted a reasonable search for the records contained in Plaintiff's request. Summary judgment should be granted in favor of the Service.

**II.     The Service conducted a reasonable search for the records contained in Plaintiff's original multi-item FOIA request.**

The Service conducted an adequate and reasonable search in response to Plaintiff's FOIA request. "When faced with a challenge to the adequacy of its FOIA search, an agency must demonstrate 'beyond material doubt that its search was reasonably calculated to uncover all relevant documents.'" *Am. Oversight v. U.S. Dep't of Justice*, 401 F. Supp. 3d 16, 22 (D.D.C. 2019) (internal citation omitted). The Service's search consisted of a reasonable search methodology.

8

"[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Jennings v. U.S. Dep't of Justice*, 230 F. App'x 1, 1 (D.C. Cir. 2007) (quotations omitted.)

The agency need not conduct a perfect search. *See, e.g.*, *Miccosukee Tribe*, 516 F.3d at 1257. Instead, it must show it "conduct[ed] a good faith, reasonable search of those systems of records likely to possess the requested records." *Pinson v. Dep't of Justice*, 313 F. Supp. 3d 88, 107 (D.D.C. 2018) (citation omitted). An agency can make this showing through submission of a "reasonably detailed affidavit, setting forth the search terms and the type of search performed." *Miccosukee Tribe*, 516 F.3d at 1247 (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). The burden then "shifts to the FOIA requestor to produce countervailing evidence suggesting that a genuine dispute of material fact exists as to the adequacy of the search." *Dillon v. U.S. Dep't of Justice*, 444 F. Supp. 3d 67, 89 (D.D.C. 2020) (quoting *Pinson*, 313 F. Supp. 3d at 107 (internal quotation marks omitted)).

"An agency's declarations are entitled to a presumption of good faith" which can be rebutted only with evidence of bad faith on the part of the agency. *Jiminez v. Dep't of Homeland Sec.*, 119 F.4th 892, 900 (11th Cir. 2024) (citations omitted). Mere speculation is not enough to rebut the presumption. *Id*. (citations omitted).

When the search involves collecting documents "from several different offices, unit-specific descriptions are not required, and the affidavit of the officer ultimately responsible for the supervision of the FOIA search is sufficient." *Trans Union LLC v. Fed. Trade Comm'n*, 141 F. Supp. 2d 62, 68-69 (D.D.C. 2001) (citing *Jud. Watch, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 27 F. Supp. 2d 240, 244 (D.D.C. 1998) (finding search adequate where agency forwarded request to appropriate offices with instructions to conduct searches for responsive documents)).

The Service's search for records responsive to Plaintiff's FOIA request was adequate and reasonable. Prior to this litigation, Plaintiff's FOIA request was assigned to Government Information Specialist Christopher Kays in the Service's Disclosure Office. (Castro Decl., ¶6.) Mr. Kays began the search by using the Integrated Data Retrieval System—the central database and operating system supporting Service employees working active tax cases—to obtain leads for records responsive to Plaintiff's FOIA request. (*Id.*, ¶8.) Using the IDRS system, Mr. Kays determined that the taxpayer's examination for tax year 2018 (the year for which the FPA was issued) was handled by the Service's Small Business/Self-Employed ("***SB/SE***") division. (*Id.*, ¶9.) Mr. Kays then contacted the Supervisory Revenue Agent who was a designated SB/SE point of contact for the Service's Disclosure Office, who put Mr. Kays in contact with the SB/SE Revenue Agent

10

who worked on taxpayer's examination for tax year 2018. (*Id.*, ¶10-11.) Mr. Kays contacted that SB/SE Revenue Agent, who explained that the FPA was issued by another office, Technical Services, after the examination was closed. (*Id.*, ¶12.)

After Plaintiff brought this suit, the FOIA request was transferred to Henry F. Castro, an attorney in the Service's Office of Chief Counsel. (*Id.*, ¶16.) Mr. Castro contacted SB/SE Lead Revenue Agent Briana Graham because she serves as a Passthrough Coordinator for Technical Services. (*Id.*, ¶¶27.) Mr. Castro also contacted, *inter alia*, the Service attorney assigned to Plaintiff's pending Tax Court case and the Special Trial Attorney in the Service's Office of Chief Counsel who reviewed the FPA. (*Id.*, ¶¶22, 30.) Revenue Agent Graham and those attorneys provided Mr. Castro with records responsive to items 1, 2, 3, 4, 6, 7, and 8 of Plaintiff's FOIA request. (*Id.*, ¶¶23, 28, 31.) Mr. Castro learned from Revenue Agent Graham that there are no records responsive to item 5 of Plaintiff's FOIA request (receipts returning the FPA as undeliverable) because the FPA was not returned to her. (*Id.*, ¶29.) Mr. Castro obtained records responsive to item 9 of Plaintiff's FOIA request from Mr. Kays. (*Id.*, ¶¶18-19.) Mr. Castro also contacted the Service's Office of the Director, Examination (SB/SE) and obtained records responsive to item 10 of Plaintiff's FOIA request. (*Id.*, ¶¶24, 26.) Finally, the Special Trial Attorney who reviewed the FPA also provided Mr. Castro with records responsive to item 11 of Plaintiff's FOIA request. (*Id.*, ¶31.) Mr. Castro

11

also instructed Revenue Agent Graham to search for records responsive to item 11 and Revenue Agent Graham informed Mr. Castro that she did not correspond with Plaintiff or the PR aside from issuance of the FPA (which was provided as responsive to item 1). (*Id.*, ¶29.) As for item 12 of Plaintiff's FOIA request ("documents that tend to disprove that the Taxpayer or PR received the FPA"), the records responsive to items 2 through 8 (various records related to the mailing of the FPA) are also responsive to item 12. (*Id.*, ¶32.) No search for item 12 as a separate category of records was conducted because it does not reasonably describe the records sought and would require the Service to make a subjective judgment as to the evidentiary value of certain records. (*Id.*). Additional details about the Service's search methodology are in the attached declaration. (*See generally* Castro Decl.)

      The Service's search was reasonable. The Service has provided a declaration of the Service employee who conducted the search for records responsive to Plaintiff's FOIA request. (*See generally* Castro Decl.) The declaration, which is entitled to a presumption of good faith, describes the Service's search terms and type in granular detail. *Jiminez*, 119 F.4th at 900; (*See id.*) The declaration proves that the Service conducted a reasonable search of all systems of records likely to possess records responsive to Plaintiff's FOIA request—Mr. Castro pursued every avenue where responsive records were likely to be held and provided the FOIA

request to those offices with instructions to conduct searches for responsive records. (*Id.*, ¶¶17, 20, 22, 24, 27, 30.) Indeed, the declaration specifically describes how responsive records were searched for and obtained for each item in Plaintiff's request. (*Id.*, ¶¶18-19, 23-24, 26, 28-30, 31-33.) Thus, the Service has demonstrated that its search was reasonably calculated to uncover all relevant documents. *See Pinson*, 313 F. Supp. 3d at 107; *Trans Union LLC*, 141 F. Supp. 2d at 68-69. Therefore, the Service has fulfilled its obligation under the FOIA and summary judgment should be granted in its favor. *Am. Oversight*, 401 F. Supp. 3d at 32.

*[signature page follows]*

Dated: February 7, 2025               Respectfully submitted,

**DAVID A. HUBBERT**
Deputy Assistant Attorney General

/s/ *Robert J. Atras*
ROBERT J. ATRAS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: 202-307-3738
Fax: 202-514-6866
Robert.J.Atras@usdoj.gov
*Counsel for the Internal Revenue Service*

OF COUNSEL:

**PRIM F. ESCALONA**
United States Attorney
RICHARD E. O'NEAL
Assistant United States Attorney