IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD LEVITT,           ) | |
|     *Plaintiff*,           ) | Case No. 2:24-cv-00284-SGC |
|                           ) | |
| v.                       ) | |
|                           ) | |
| U.S. INTERNAL REVENUE SERVICE, ) | |
|     *Defendant*.           ) | |
| _____ ) | |

## **DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT**

Agencies defending FOIA suits ordinarily have the dual burden to show that (1) they have conducted an adequate search to locate records in response to a FOIA request; and (2) they properly withheld records or portions of them. But here, Plaintiff does not challenge the propriety of any withholdings. (Doc. 28 at 17, ¶6.) As such, the Service filed a summary judgment motion addressing the purported category of records at issue and establishing that it conducted a reasonable search for records described in Plaintiff's FOIA request.

In response, Plaintiff argues that the Service's search was not adequate because it did not uncover a category of records he believes exist. As described in its motion, the Service conducted a search for records included in Plaintiff's FOIA request. But Plaintiff now argues that the Service should have used a different interpretation of one item within his request. However, Plaintiff's argument does

not undermine the adequacy of the Service's search because the search was reasonably tailored to uncover records responsive to Plaintiff's FOIA request.

**I.    The Service established that it conducted a reasonable search.**

The Service has met its burden to show that it conducted an adequate search by submitting a detailed declaration describing the search. Plaintiff's quibbles with the Service's reading of a specific item within Plaintiff's FOIA request do not rebut that showing. *See, e.g.*, *Kowal v. Dep't of Justice*, 464 F. Supp. 3d 376, 382 (D.D.C. 2020) (If search was reasonable, "court need not quibble over every perceived inadequacy in an agency's response.") (citation omitted). Indeed, "adequacy – not perfection – is the standard that FOIA sets[.]" *Dibacco v. U.S. Army*, 795 F.3d 178, 190-91 (D.C. Cir. 2015) (argument that search was inadequate because it failed to turn up certain records was "losing claim put to bed twenty-five years ago and age has not improved it[.]").

**A. The Service's search was reasonably tailored to uncover items responsive to Plaintiff's FOIA request and thus entitled to deference.**

Courts are not inclined to micro-manage an agency's search for records, holding that agencies may construe vague requests as they see fit and a search that is reasonable is adequate under the FOIA even if the agency's search terms differ from those proposed by the requester. Agencies "have discretion in crafting a list of search terms that 'they believe to be reasonably tailored to uncover documents responsive to the FOIA request.'" *Agility Pub. Warehousing Co. K.S.C. v. NSA*,

113 F. Supp. 3d 313, 339 (D.D.C. 2015) (citation omitted). So long as they do so, a reviewing court should not "second guess the agency regarding whether other search terms might have been superior." *Liberation Newspaper v. Dep't of State*, 80 F. Supp. 3d 137, 146 (D.D.C. 2015) (citation omitted); *see also Johnson v. EOUSA*, 310 F.3d 771, 776 (D.C. Cir. 2002) ("FOIA, requiring as it does both systemic and case-specific exercises of discretion and administrative judgment and expertise, is hardly an area in which the courts should attempt to micro manage the executive branch.") And where an agency's search terms differ from those proposed by the requester, courts have found the search adequate where the agency's search terms were reasonable. *See, e.g.*, *Kilmer v. Customs & Border Prot.*, No. 17-1566, 2021 WL 1946392, at *11 (D.D.C. May 14, 2021).

This is especially true for ambiguous FOIA requests. An agency faced with a vague or poorly worded request "may construe the request as it reasonably sees fit." *Am. Oversight v. GSA.*, 486 F. Supp. 3d 306, 313 (D.D.C. 2020) (citation omitted). An agency may limit the scope of an ambiguous request if the narrowed scope is a reasonable interpretation of what the request seeks. *Wilson v. Dep't of Transp.*, 730 F. Supp. 2d 140, 154 (D.D.C. 2010). While requests are construed liberally, an agency "need not extend the meaning of the request to include things not asked for." *Wallick v. Agric. Mktg. Serv.*, 281 F. Supp. 3d 56, 68 (D.D.C. 2017). And an agency is only obligated to search under the original request, not

subsequent clarifications. *Wilson*, 730 F. Supp. 2d at 155 (citation omitted). Thus, the only question here is whether the Service's search was reasonably tailored to uncover responsive documents. *See Agility Pub.*, 113 F. Supp. at 339.

Here, the plain text of the request supports the Service's interpretation of "correspondence related to the FPA sent to both the Taxpayer and PR" as meaning FPA-related correspondence that the Service sent to the Taxpayer and PR. Plaintiff's request itself defines FPA as a single document.[1] As such, Plaintiff refers to the FPA as a singular item throughout the request—and when distinguishing between copies of the FPA issued to the Taxpayer or PR (as defined in his request), Plaintiff appropriately refers to them as the "Taxpayer FPA" and "PR FPA."[2] Thus, Plaintiff's interpretation would only be supported if the request was written as "correspondence related to the FPA**s** [that were] sent to the Taxpayer and PR" or "to the Taxpayer FPA and the PR FPA." To be sure, a FOIA request need not include consistent grammar throughout. But in determining whether an agency's search was reasonable, one based on a grammatically correct reading of the request surely passes muster.

Further, Plaintiff's request exclusively seeks documents related to the mailing of the FPA to the Taxpayer and PR. Thus, it was reasonable to assume that

---

[1] Doc. 1, ¶17 ("The Final Partnership Adjustment related to Commissioner's Creek Reserve, LLC ('the Taxpayer') for tax year 2018 (the 'FPA').").
[2] *Id*. ("The tracking numbers associated with the mailing of the Taxpayer FPA and/or PR FPA.")

4

Plaintiff sought correspondence sent to the Taxpayer and PR (*i.e.*, the FPA and related notices) because such a request similarly relates to the mailing of the FPA to the Taxpayer and PR. Reading the request to mean "any and all correspondence related to the FPA" would be out of character with the other 11 requested items and the resulting search would be disproportionately cumbersome. Indeed, the FPA was the result of an audit examination (Doc. 1, ¶17), so Plaintiff's reading would entail re-processing the request, including searching for correspondence sent and received by any Service employee remotely involved with any aspect of that examination. It certainly stands out compared to the rest of the requested items focused solely on the mailing of the FPA.

Even if the Court finds that both parties' readings are reasonable, summary judgment should still be granted for the Service. For an agency's search to be reasonable, it's interpretation need not be the only reasonable reading of the request. It must merely be a reasonable one. Here, the Service has explained why it did not arrive at the same interpretation as Plaintiff. Thus, the Service's search was adequate, and summary judgment should be granted.

**B. Plaintiff has not rebutted the presumption of good faith.**

The Service's declaration demonstrating the reasonableness of its search is entitled to a presumption of good faith. *See, e.g., Jimenez v. Dep't of Homeland Sec.*, 119 F.4th 892, 900 (11th Cir. 2024). And FOIA plaintiffs cannot rebut

5

agencies' presumption of good faith by making speculative claims about that certain documents either existence or are discoverable. *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

Plaintiff has not rebutted that presumption here. Plaintiff asserts that "there absolutely should be correspondence related to the FPA in the IRS' FOIA production" and the absence of such correspondence is "striking" because "Commissioner's Creek has taken the position since December 29, 2023, that it and its PR have not received a FPA" and that "lack of receipt of the FPA and whether the FPA was timely issued [is] a central issue between the parties[.]" (Doc. 28 at 21-22.) Plaintiff also asserts that a "lack of a correct signature suggests the FPA was never sent." (*Id*. at 22.)

Plaintiff does not explain the relevance of these claims. If he intended to argue that such context somehow implies bad faith by the Service, the argument lacks merit under the *SafeCard* case. 926 F.2d at 1200 (declaration's good faith presumption "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents."). Thus, Plaintiff's speculation that more records exist is insufficient to rebut the presumption of good faith here.[3] *Id*.

---

[3] Even upon evidence of the existence of records that the agency's search should have located, the reasonableness of the search methodology is dispositive. *See, e.g.*, *Kowal*, 490 F. Supp. 3d at 67 (finding search reasonable despite evidence that responsive items were not located because "missing items themselves do not show that the search was inadequate.")

6

Further, Plaintiff's assertions hardly raise the specter of bad faith here, where the Service has provided hundreds of pages related to mailing of the FPA. Regardless, Plaintiff's assertions cannot meet his burden. This Court is considering the adequacy of the Service's search, "a question that turns on whether the agency's search was reasonably calculated to uncover all relevant documents." *Kilmer*, 2021 WL 1946392 (citation and quotation omitted). Inferences that do not speak to a defect in search methodology but instead make assertions about the agency's supposed misconduct elsewhere are insufficient evidence of an inadequate search. *See id*. (finding that "Plaintiff's speculation about [agency]'s hypothetical misconduct" was insufficient to "serve as 'evidence that the agency's *search*' for records about such misconduct under FOIA 'was not made in food faith.'") (citation omitted, emphasis in original).

Regardless, it well established that an agency's failure to locate records that a requestor speculates exist is not sufficient to show that the search was inadequate. *See, e.g.*, *Assassination Archives Rsch. Ctr. v. CIA*, No. 18-5280, 2019 WL 691517, at *1 (D.C. Cir. Feb. 15, 2019) (finding search adequate notwithstanding that agency did not locate records requester speculated existed); *Kilmer*, 2021 WL 1946392, at *12 ("Plaintiff cannot prove [agency's] FOIA search inadequate simply by identifying certain types of omitted documents he expected his FOIA request to yield[.]") This Circuit agrees, holding that even a federal

statute requiring an agency to maintain a certain type of records requested does not mean the records actually exist and speculation was not enough to rebut the agency's adequacy showing. *See Broward Bulldog, Inc. v. DOJ*, 939 F.3d 1164, 1179 (11th Cir. 2019). Here, Plaintiff's speculation that certain correspondence "absolutely should" be included in the Service's response is similarly insufficient.

Finally, even if Plaintiff's assertions could rebut the presumption of good faith, the Court cannot consider those statements because Plaintiff failed to support them by "citing to particular parts of the materials in the record" as required by the Federal Rules. Fed. R. Civ. P. 56(c)(1)(A). Indeed, nothing in the record here supports any of those statements. As such, the Court should not consider Plaintiff's unsupported allegations in determining summary judgment here.

## II.     Plaintiff's request for discovery is inappropriate and should be denied.

Plaintiff's request for discovery is misguided because it does not seek facts about the adequacy of the Service's search—the only issue here. But even in that context, there would be nothing for Plaintiff to discover as he challenges the Service's interpretation of the scope of his request rather than its search methodology. And the Service does not dispute that it did not conduct a search matching Plaintiff's proffered reading of the request. (Doc. 29-2, ¶10.) Thus, there is no factual issue in dispute appropriate for discovery.

Plaintiff seeks discovery related to "IRS' intent and reasoning behind the lengthy efforts it has made to prevent [Plaintiff] Levitt from accessing documents." (Doc. 28 at 26.) Again, this is irrelevant to the adequacy of the Service's search, which Plaintiff does not contest. Moreover, as this Court recently agreed, "a FOIA plaintiff bears the burden to state with particularity the facts he believes discovery will reveal." Ord., Doc. 17, *Jackson v. IRS*, No.2:24-cv-805-JHE (citing *Sharkey v. FDA*, 250 F. App'x 284, 291 (11th Cir. 2007)). While Plaintiff apparently believes that discovery will uncover a wide-ranging conspiracy within the Service to deprive him of a document he believes will determine the outcome of a Tax Court petition, Plaintiff cannot meet this burden because (a) he seems to impute a **non-FOIA** issue or standard here and (b) Plaintiff has not stated *with particularity* the specific facts he believes discovery will reveal.

Further, in the extraordinary circumstance where discovery is permitted in a FOIA suit, it is not to be used for the "bare hope of falling upon something that might impugn the affidavits." *Founding Church of Scientology v. NSA*, 610 F.2d 824, 836–37 n. 101 (D.C. Cir. 1979). Plaintiff's stated basis for discovery is a textbook example of improper use of discovery under the FOIA. *See Tannehill v. Dep't of Air Force*, No. 87–1335, 1987 WL 25657, at *2 (D.D.C. Nov. 12, 1987) (declining to permit FOIA discovery to be used "as a fishing expedition into government waters for the purpose of investigating matters related to separate

lawsuits"). Indeed, in response to a request for discovery in a similar FOIA suit, this Court recently stated that "[r]egardless of how important or useful the evidence [Plaintiff] seeks through his FOIA request will ultimately be in the tax court proceeding, concerns related to that proceeding are immaterial to the issues here." Ord., Doc. 17, *Jackson*, No.2:24-cv-805-JHE.

When courts in FOIA cases assess they need additional facts from agencies at summary judgment, they typically order the agency to provide a supplemental declaration. *See e.g.*, *Price v. Dep't of Justice*, No. 17-CIV-24341, 2018 WL 3730224, at *2 (S.D. Fla. May 21, 2018). The proper remedy would be for the Court to order the Service to supplement its declaration or conduct a new search.

## CONCLUSION

The Service submitted a declaration establishing that it conducted a reasonable search, and Plaintiff has not submitted any evidence to rebut the presumption of good faith afforded to that declaration. Plaintiff's quibbles about the Service's search do not refute its adequacy because the search was reasonably tailored to uncover records responsive to Plaintiff's FOIA request. Summary judgment should be granted for the Service.

Dated: March 14, 2025                    Respectfully submitted,


                                         /s/ *Robert J. Atras*
                                         ROBERT J. ATRAS
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice
                                         P.O. Box 227
                                         Washington, D.C. 20044
                                         Tel: 202-307-3738
                                         Fax: 202-514-6866
                                         Robert.J.Atras@usdoj.gov
                                         *Counsel for the Internal Revenue Service*

                                         OF COUNSEL:

                                         **PRIM F. ESCALONA**
                                         United States Attorney
                                         RICHARD E. O'NEAL
                                         Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Robert J. Atras*
ROBERT J. ATRAS
Trial Attorney, Tax Division
U.S. Department of Justice