UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD LEVITT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:24-cv-00284-SGC |
| U.S. INTERNAL REVENUE SERVICE, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Ronald Levitt brought this action against the U.S. Internal Revenue Service ("the agency") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). (Doc. 1).[2] The case is before the court on the agency's motion for summary judgment. (Doc. 27). The parties have briefed the motion fully. (Docs. 27-1, 28, 30). For the reasons stated below, the court will grant the motion.

**I.   Standard of Review**

Under Rule 56 of the *Federal Rules of Civil Procedure*, "[t]he [district] court shall grant summary judgment if the movant shows that there is no genuine dispute

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 13).

[2] Citations to the record refer either to the document and page numbers assigned by the court's CM/ECF electronic document system or to the CM/ECF-assigned document number and the paragraph number assigned by the drafter of the document. Citations of the former type appear in the following format: (Doc. __ at __). Citations of the latter type appear in the following format: (Doc. __ at ¶ __).

as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion and identifying those portions of the record the party believes demonstrate the absence of a genuine dispute of material fact. *Celotex Corp.*, 477 U.S. at 323. If the moving party carries its initial burden, the non-movant must go beyond the pleadings and come forward with evidence showing there is a genuine dispute of material fact for trial. *Id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* at 248. If the evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Id.* at 249-50 (internal citations omitted). All reasonable doubts about the facts should be resolved in favor of the non-movant, and all justifiable inferences should be drawn in the non-movant's favor. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

II.   **Summary Judgment Facts**

Levitt serves as outside legal counsel to Commissioner's Creek Reserve, LLC ("the Taxpayer"). (Doc. 1 at ¶ 2). He submitted a FOIA request to the agency on December 21, 2023 ("the FOIA Request" or "the Request"). (Doc. 1-1; Doc. 1-2;

2

Doc. 27-3 at ¶ 5).[3]  The Request identified for production twelve records or categories of records related to the final stages of an audit of the Taxpayer conducted by the agency.  (Doc. 1-1 at 3).  As relevant here, the eleventh category of records identified for production was "[a]ny and all correspondence related to the FPA sent to both the Taxpayer and PR" ("Item Eleven"), and the twelfth category of records identified for production was "[a]ny and all documents that tend to prove or disprove that the Taxpayer or PR received the FPA" ("Item Twelve").  (Doc. 1-1 at 3).[4,5]  "FPA" is shorthand for "Final Partnership Adjustment," and "PR" refers to the Partnership Representative for the Taxpayer.  (Doc. 1-1 at 3).

The agency interpreted the phrase "sent to both the Taxpayer and PR" as used in Item Eleven as describing the correspondence referenced in the request.  In other words, it read the request as seeking correspondence sent to the Taxpayer and PR that was related to the FPA.  (*See* Doc. 27-1 at 6, 7; Doc. 30 at 4).

A representative for the agency states in a declaration that he asked the agency employee responsible for corresponding with the Taxpayer and PR regarding the

---

[3] The agency initially estimated it would complete the FOIA Request by January 23, 2024.  (Doc. 1-3 at 2).  After that date came and went without a final response from the agency, Levitt commenced this action on March 6, 2024.  (Doc. 1 at ¶¶ 20, 21).

[4] The court intermittently refers to a record or category of records identified for production in the FOIA Request as a "request."

[5] The Taxpayer disputes receiving the FPA, and Levitt contends resolution of the dispute is a central issue in an action the Taxpayer has pending in the United States Tax Court.  (Doc. 28 at 22).

3

FPA to provide him with that correspondence. (Doc. 27-3 at ¶¶ 11, 12, 27).[6] He further states the employee (Briana Graham) provided him with (1) the FPA package purportedly mailed to the Taxpayer on April 25, 2023, (2) the FPA package purportedly mailed to the PR on April 25, 2023, and (3) the FPA "CML" and informed him that the foregoing was the extent of her correspondence with the Taxpayer and PR. (Doc. 27-3 at ¶¶ 28, 29).[7] The agency produced the correspondence to Levitt on August 13, 2024, together with other records responsive to the FOIA Request. (Doc. 27-3 at ¶¶ 33, 34, 35).[8]

On October 28, 2024, Levitt informed the agency that he had expected to see in the document production "[e]mails to or from Revenue Agent Briana Graham that related in any way to the FPAs in question (whether its (sic) correspondence with IRS counsel or with taxpayer or the PR or any other party)". (Doc. 29-1 at 3). Levitt contends those e-mails would be responsive to Item Eleven because the phrase "sent to both the Taxpayer and PR" as used in that request describes the FPA, not the

---

[6] An affidavit is a sworn statement, meaning it is made under oath before a notary or other oath-taker and affixed with a notary seal. *Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022). An unsworn declaration may serve as a substitute for an affidavit for summary judgment purposes if the declaration concludes with the statement "I declare under penalty of perjury that the foregoing is true and correct," or a substantially similar statement, and the declaration is signed and dated by the declarant. § 1746(2); *Roy*, 53 F.4th at 1347-48. The declaration made by the agency representative here complies with the requirements of § 1746(2).

[7] The declaration does not define "CML," but the court gathers from other evidence of record (the FOIA Request) that the acronym is shorthand for "certified mail listing." (*See* Doc. 1-1 at 3).

[8] The agency produced to Levitt a total of 142 pages of records – 139 pages in full and three pages with redactions made under one or more claimed FOIA exemptions. (Doc. 27-3 at ¶¶ 33, 34, 35).

correspondence. (Doc. 28 at 22). He contends the e-mails also could be responsive to Item Twelve, given Graham was the agency employee responsible for corresponding with the Taxpayer and PR regarding the FPA. (Doc. 28 at 22).

The agency reviewed again the records collected as part of its original search and determined none matched the description of the correspondence Levitt sought. (Doc. 27-3 at ¶¶ 36, 37; Doc. 29-1 at 3). However, the agency did not conduct an additional search because it viewed the correspondence as outside the scope of the FOIA Request. (Doc. 29-1 at 3).

### III.   Discussion

The purpose of FOIA is to " 'enable the public to have access to government information that is unnecessarily shielded from public view'" in order that " 'citizens may understand what their government is doing.'" *Miccosukee Tribe of Indians of Fla. v. U.S.*, 516 F.3d 1235, 1244 (11th Cir. 2008) (quoting *Nadler v. U.S. Dep't of Just.*, 955 F.2d 1479, 1484 (11th Cir. 1992); *Office of the Cap. Collateral Couns., N. Region of Fla. v. U.S. Dep't of Just.*, 331 F.3d 799, 802 (11th Cir. 2013)). The statute "requires [a] federal agency, upon a records request that reasonably describes documents held by that agency, to make those documents promptly available to any person unless a statute exempts the information from disclosure." *Jimenez v. Dep't of Homeland Sec.*, 119 F.4th 892, 899 (11th Cir. 2024) (citing 5 U.S.C. § 522(a)(3), (b)(3)). A FOIA requester who believes a federal agency improperly has withheld records may file suit in the appropriate federal district court. *Id.* (citing §

552(a)(4)(B)).

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2015); *see also Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment . . . ."). To prevail on a summary judgment motion in a FOIA case, an agency must show (1) it conducted an adequate search for responsive documents and (2) responsive documents it did not produce were properly withheld. *Jimenez*, 119 F.4th at 899. "To establish the adequacy of a search for responsive documents, a government agency 'must show beyond a material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Broward Bulldog, Inc. v. U.S. Dep't of Just.*, 939 F.3d 1164, 1176 (11th Cir. 2019) (quoting *Miccosukee Tribe*, 516 F.3d at 1248). "The agency 'may meet this burden by producing affidavits of responsible officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith.'" *Id.* (quoting *Ray v. U.S. Dep't of Just.*, 908 F.2d 1549, 1558) (11th Cir. 1990), *rev'd on other grounds*, 502 U.S. 164 (1991)).

"If the agency satisfies this burden, 'then the burden shifts to the requester to rebut the agency's evidence by showing that the search was not reasonable or was not conducted in good faith.'" *Id.* (quoting *Ray*, 908 F.2d at 1558). The fact that a requester did not receive records he thought existed and believed to be responsive to a request does not rebut a showing of adequacy. *Broward Bulldog*, 939 F.3d at 1176.

This is because the standard by which the adequacy of a search is judged is reasonableness – a search is adequate if " 'reasonably calculated to uncover all relevant documents'" – which leaves room for the possibility a search may be adequate and yet fail to locate a relevant document. *Id.*; *see also Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("[I]t is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate. Rather, the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search. After all, particular documents may have been accidentally lost or destroyed, or a reasonable and thorough search may have missed them.") (internal citations omitted). Moreover, "[a]n agency's declarations are entitled to a presumption of good faith," and the presumption cannot be rebutted with "[m]ere speculation." *Jimenez*, 119 F.4th at 900.

In the course of assessing the adequacy of an agency's search, a court may be called on to determine whether the agency properly read a request. *Nation Mag., Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 889 (D.C. Cir. 1995). The statutory requirement that the records sought must be "reasonably described" – a standard that replaced an earlier requirement that a request name "identifiable records" – has been interpreted to impose on an agency a duty to construe a FOIA request liberally. *Inst. for Just. v. IRS*, 941 F.3d 567, 572 (D.C. Cir. 2019). However, there are limits to the obligation. An agency is not required to "divine a

7

requester's intent." *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 64 (D.D.C. 2003). Moreover, while an agency must construe a request liberally, it also must read a request "as drafted." *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984). This means an agency is neither required to interpret a request more expansively than it is drawn, *id.*, nor required to search beyond the "four corners" of a request, *Landmark Legal*, 272 F. Supp. 2d at 64. Relatedly, an agency is not required to search anew in response to a "clarification" that expands a request. *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996); *see also Coss v. U.S. Dep't of Just.*, 98 F. Supp. 3d 28, 34 (D.D.C. 2015) ("[A] FOIA plaintiff may not expand the scope of his request once his original request is made."). A FOIA requester who seeks records outside the scope of his original request must submit a new request and restart the process. *Citizens for Resp. & Ethics in Washington v. Dep't of Interior*, 503 F. Supp. 2d 88, 102 (D.D.C. 2007); *Malone v. U.S. Pat. & Trademark Off.*, 2024 WL 1559295, at *2 (E.D. Va. Apr. 10, 2024); *DaVita Inc. v. U.S. Dep't of Health & Hum. Servs.*, 2021 WL 980895, at *13 (D.D.C. Mar. 16, 2021). This is because "[r]equiring an additional search each time the agency receives a letter that clarifies a prior request could extend indefinitely the delay in processing new requests." *Kowalczyk*, 73 F.3d at 388.

Here, the declaration provided by the agency representative satisfies the agency's initial burden to show beyond a material doubt that it conducted a search reasonably calculated to uncover all relevant documents and made appropriate

redactions.[9] Therefore, the burden shifts to Levitt to rebut those showings. Levitt first challenges the adequacy of the agency's search insofar as he disagrees with the agency's interpretation of Item Eleven, which sought "[a]ny and all correspondence related to the FPA sent to both the Taxpayer and PR." As stated, the agency interpreted the phrase "sent to both the Taxpayer and PR" as describing the correspondence and so read the request as seeking correspondence sent to both the Taxpayer and PR that was related to the FPA, while Levitt takes the position the phrase "sent to both the Taxpayer and PR" describes the FPA and so reads the request as seeking all correspondence in the agency's possession related to the FPA, regardless of who sent or received it. (However, as stated, Levitt is particularly interested in Graham's internal correspondence regarding the FPA.) Levitt next contends that, even if Item Eleven cannot be read as seeking all correspondence in the agency's possession related to the FPA and not just correspondence sent to the Taxpayer and PR, Item Twelve can and should. This means, in Levitt's view, "there absolutely should be correspondence related to the FPA in the FOIA production" and its "striking" absence demonstrates the search at issue was not adequate or

---

[9] The court did not set out the details of the search recounted in the agency representative's declaration in more detail because Levitt does not challenge them. The court observes Levitt does assert in his responsive brief that he requires discovery to admit or deny many of the statements included in the declaration. (Doc. 28 at 2-15). However, the assertion is not sufficient to invoke the benefit of Rule 56(d) of the *Federal Rule of Civil Procedure. See Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998) (holding request made under Rule 56(f) – latter reclassified as Rule 56(d) – to defer consideration of summary judgment motion so opposing party may conduct discovery "must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment").

9

conducted in good faith.[10] Levitt offers the arguments not only as grounds for denying the agency's summary judgment motion but also in support of a request to conduct discovery regarding the agency's search. (Doc. 28 at 1-2, 21-26).[11]

The court disagrees with both arguments and will not grant any of the relief Levitt requests. First, the more natural reading of Item Eleven is one in which the phrase "sent to both the Taxpayer and PR" describes the correspondence, not the FPA, so that the request seeks correspondence sent to both the Taxpayer and PR that was related to the FPA. *See Machado Amadis v. U.S. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020) (holding agency properly construed FOIA request according to its ordinary usage). This conclusion is bolstered by the fact that the term "FPA" is defined earlier in the FOIA Request. A description of an already-defined term is superfluous. The concomitant conclusion is that interpreting Item Eleven as seeking all agency correspondence related to the FPA would not be a "liberal reading" of the request but, rather, an inappropriate expansion of it. Second, even if all agency correspondence related to the FPA would be responsive to Item Twelve, the fact that no such correspondence was included in the FOIA production does not rebut the

---

[10] Levitt does not challenge the redactions made to three pages of the IRS's FOIA production.

[11] A court may permit discovery (in addition to denying an agency's summary judgment motion) when there is a genuine issue of fact as to the adequacy of an agency's search or whether it conducted the search in good faith. *Tamayo v. U.S. Dep't of Just.*, 544 F. Supp. 2d 1341, 1344 (S.D. Fla. 2008). However, a court also may deny discovery under those circumstances and instead direct an agency to supplement its affidavits. *Id.*

showing made by the agency that its search was adequate or the presumption the agency conducted the search in good faith. *See Broward Bulldog*, 939 F.3d at 1176 (discussed *supra*); *Iturralde*, 315 F.3d at 315 (same)

Absent any genuine issue of fact regarding the adequacy of the search conducted by the agency or the presumption the agency conducted the search in good faith, there is no basis for entertaining Levitt's request for discovery and the agency is entitled to summary judgment. If Levitt wishes to obtain all agency correspondence related to the FPA, his remedy is to submit a new FOIA request. *See Citizens for Resp. & Ethics in Washington*, 503 F. Supp. 2d at 102 (discussed *supra*); *Malone*, 2024 WL 1559295, at *2 (same); *DaVita*, 2021 WL 980895, at *13 (same).

### IV.  Conclusion

For the reasons stated above, the court will **GRANT** the agency's motion for summary judgment. (Doc. 27). The court will enter a separate, final order.

**DONE** this 24th day of June, 2025.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE